**Dated: August 19, 2016**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TOMAHAWK OIL AND GAS | ) | Case No. 14-15055-SAH |
| MARKETING, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DOUGLAS GOULD, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. 15-01220-SAH |
| | ) | |
| BENJAMIN DILLARD, | ) | |
| TOMAHAWK GATHERING, LLC, | ) | |
| HGM, LLC, and | ) | |
| MUSTANG GAS PRODUCTS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING IN PART AND GRANTING IN PART TRUSTEE'S MOTION
TO STRIKE AFFIDAVITS ATTACHED TO DEFENDANT MUSTANG GAS
PRODUCTS' MOTION FOR SUMMARY JUDGMENT [DOC. 81]**

Before the Court are: (i) Trustee's Motion to Strike Affidavits Attached to Defendant

Mustang Gas Products' Motion for Summary Judgment [Doc. 81], filed on August 1, 2016 (the

"Motion") by plaintiff Douglas Gould, chapter 7 trustee ("Trustee") of Tomahawk Oil and Gas

Marketing, LLC ("Tomahawk"); and (ii) Response and Objection of Defendant, Mustang Gas

Products, LLC, to the Trustee's Motion to Strike Affidavits [Doc. 91], filed on August 15, 2016

(the "Response"), by defendant Mustang Gas Products, LLC ("Mustang").

### Background

The original complaint was filed on May 14, 2015, with an amended complaint adding

Mustang as a defendant filed September 15, 2015.  After the denial of a motion to dismiss,

Mustang filed an answer on December 8, 2015.  A scheduling order was issued on January 4,

2016, setting a September 12, 2016 trial date.  Pertinent dates in the Scheduling Order include:

> January 14, 2016 – deadline to complete all disclosures required by Local Rule
> 7016(b) (requires exchange of all known exhibits and all then known witnesses,
> with additional exhibits and witnesses to be "exchanged promptly once they
> become known") and Fed.R.Bankr.P. 7026 (requires disclosure of the identity of
> any witnesses that may be used at trial to present expert evidence).

> August 3, 2016 – deadline to file final witness and exhibit lists.

The reference was withdrawn for purposes of trial, so the trial date was stricken but the

Scheduling Order otherwise remained in effect.  By agreement, certain dates including the final

witness and exhibit list, were enlarged.

Unfortunately, this adversary proceeding has not moved forward with ease.  Rather, it has

been an unnecessarily contentious battleground fraught with accusations by both sides of inaction

and/or wrongdoing, which the Court has found surprising and disturbing.  Putting the obvious

ill-will aside, the issue presented by the Motion is straight forward.  Both Trustee and Mustang

have filed motions for summary judgment.  Attached to Mustang's motion for summary

judgment are:

**Declaration of Rand Phipps** ("Phipps Declaration") - made by Rand Phipps ("Phipps"), the Senior Vice President, Chief Operating Officer, General Counsel and Secretary of Mustang Fuel Corporation, of which Mustang is an indirect, wholly owned subsidiary.

**Declaration of Harry Potter** ("Potter Declaration") - made by Harry Potter ("Potter"), a certified public accountant, certified fraud examiner and certified forensic accountant engaged by Mustang as an expert.

Trustee seeks to strike both the Phipps Declaration and the Potter Declaration, to which Mustang objects.

### Analysis and Conclusions

### Motions to Strike

" While this court will decide the instant motion[], as directed by the order of reference, the motions to strike [the] affidavit[s] . . . might be considered superfluous.  Motions to strike are disfavored, particularly in the context of motions for summary judgment."  Lobato v. Ford, 2007 WL 2593485 (D. Colo. 2007) (citing Yong–Quin Sun v. Board of Trustees, 429 F.Supp.2d 1002, 1030 (C.D. Ill. 2006), aff'd 473 F.3d 799 (7th Cir.), cert. denied, 127 S.Ct. 2941 (2007)).  Rather than file a motion to strike, Trustee should have incorporated these arguments in his objection to Mustang's motion for summary judgment and in his reply to Mustang's objection to his motion for summary judgment as the Court has the ability to disregard inadmissible portions of any affidavit submitted in connection with summary judgment.  Lobato, 2007 WL 2593485 (citing Allen v. Baxter Int'l Inc., 2006 WL 560608, * 1 n. 1 (N.D. Ill. 2006); City of Chanute, Kansas v. Williams Nat'l Gas Co., 743 F.Supp. 1437, 1445 n. 4 (D. Kan. 1990) (citing United States v. Alessi, 599 F.2d 513, 514-15 (2nd Cir.1979)).  Given the unnecessarily litigious nature of both Trustee and Mustang, it comes as no surprise that Trustee would choose to file the Motion rather

than incorporate the arguments in his summary judgment submissions.  Nevertheless, because the Motion has been filed, the Court will address the arguments raised in the Motion and Response. In the future, however, counsel should incorporate such arguments into the summary judgment materials.

### Affidavits on Summary Judgment

"At the summary judgment stage, the parties need not submit evidence in a form admissible at trial; however, the content or the substance of the evidence must be admissible." Bryant v. Farmers Ins. Exchange, 432 F.3d 1114, 1122 (quoting Hardy v. S.F. Phosphates Ltd., 185 F.3d 1076, 1082 n.5 (10th Cir. 1999)); see also Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support . . . a fact cannot be presented in a form that would be admissible in evidence.").   When a movant utilizes an affidavit in support of summary judgment, such affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

A movant may only offer an expert's testimony via affidavit in support of summary judgment if the affiant previously has been designated an expert witness under Fed. R. Civ. P. 26(a)(2).  Bryant, 432 F.3d at 1122 (citing Parker v. Cent. Kan. Med. Ctr., 178 F.Supp.2d 1205, 1210 (D. Kan. 2001), aff'd, 57 F. App'x 401, 404 (10th Cir. 2003)). "Otherwise, any non-expert testimony in the form of opinions or inferences must be '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of the fact in issue, and (c) not based on scientific, technical, or other specialized knowledge.'" Bryant, 432 F.3d at 1123 (quoting Fed. R. Evid. 701).

-4-

**Phipps Declaration**

The Phipps Declaration is relatively short, containing ten paragraphs, only seven of which deal with the substance of the issues in this adversary proceeding.[1]  Given Phipps' role as Senior Vice President, Chief Operating Officer, General Counsel and Secretary of Mustang Fuel Corporation, the parent corporation of Mustang, and the context of the matters which he states, Phipps appears to be competent to testify about the matters discussed in the Phipps Declaration. University of Kansas v. Sinks, 565 F.Supp.2d 1216, 1227 (D. Kan. 2008).  Moreover, the Phipps Declaration expressly states that it is based on personal knowledge, and there is no factual basis to suggest that it is not based on personal knowledge.  Corporate officers are presumed to have personal knowledge of the acts of their corporation.  Reddy v. Good Samaritan Hosp. & Health Ctr., 137 F.Supp.2d 948, 955-956 (S.D. Ohio 2000) (citing 11 James Wm. Moore et al., Moore's Federal Practice § 56.14[1][c] (3d ed. 1999)).

Moreover, "[a] corporation is entitled to state its legal positions and bring business documents into the summary judgment record via an affidavit of a corporate officer." Brown v. BKW Drywall Supply, Inc., 305 F.Supp.2d 814,822 (S.D. Ohio 2004).  After all, a corporation can only speak through its officers and authorized representatives.  Strategic Defense Intern., Inc. v. United States, 745 F.Supp.2d 1214, 1235 (M.D. Fla. 2010).

---

[1]Perhaps indicative of the importance of the Phipps Declaration, it is referenced only one time in Mustang's motion for summary judgment and two times in Mustang's response to Trustee's motion for summary judgment.  These references appear relatively insignificant in light of the almost ten inches of combined materials on summary judgment.  The Court is tiring of the parties' seemingly never-ending struggle to complete routine matters in this adversary proceeding without Court intervention.  Such conduct is an unwelcome anomaly compared to every other adversary proceeding currently before the Court.

With respect to the non-disclosure of Phipps as a known witness or as a person involved in Mustang's condensate sales, Mustang point blank states Phipps was not involved in the condensate sales to Tomahawk so his identification was not required. While the Court is somewhat surprised that Phipps would not have been disclosed as part of the initial disclosures or in Mustang's preliminary witness list, without more evidence, the Court cannot assign any nefarious intent to his omission as Mustang could have not known his testimony would be required until the facts of the case were further developed.

As to whether the statements in the Phipps Declaration are self-serving, conclusory and speculative, the Court disagrees and is willing to consider the statements in the context of the summary judgment motions and responses and will judge the nature of Phipps' statements at that time.

Accordingly, the Motion is denied with respect to the Phipps Declaration.

### Potter Declaration

Plainly, the Potter Declaration is the declaration of an expert witness. In circumstances similar to those before this Court, the Tenth Circuit has held that, in order to offer an expert's testimony into evidence in support of summary judgment, such expert must have been previously designated as an expert witness under Fed. R. Civ. P. 26(a)(2). Bryant, 432 F.3d at 1122. According to Bryant, 432 F.3d at 1122, the Potter Declaration must be excluded because Trustee did not disclose Potter and comply with Fed. R. Civ. P. 26(a)(2) prior to offering the Potter Declaration in support of summary judgment.

Mustang argues that this Court should allow the Potter Declaration because this Court's own expert disclosure deadline has not elapsed. This Court rejects this argument because it is

unwilling to establish a rule whereby parties may ambush their opponents with previously-undisclosed expert testimony so long as they file the summary judgment motion prior to the expert and/or final witness disclosure deadline(s).  Such a rule would be unfair and illogical.  Moreover, once parties adjusted to such a rule, it would be the catalyst for the development of an unnecessarily extended summary judgment process in which, upon being ambushed with expert testimony by the movants, non-movants would seek delayed adjudication and time for discovery under Fed. R. Civ. P. 56(d) and this Court would be obliged to assent.

While Mustang is very clear about when Potter was hired  - a few weeks before it filed its motion for summary judgment and when Potter created the Potter Declaration, Mustang is silent concerning when it determined that it should hire an expert to support its motion for summary judgment, or more broadly, when Mustang determined that an expert might aid any of its efforts to obtain summary judgment.  The facts in the record do not suggest that Mustang delayed retention of an expert in order to ambush Trustee on summary judgment; however, they do show how easily it could be done.  Thus, this Court finds that, irrespective of the non-expiration of the expert disclosure deadline, Mustang is precluded from offering expert testimony in the Potter Declaration on summary judgment because it did not previously disclose Potter as an expert to Trustee in a manner consistent with Rule 26(a)(2) prior to filing Mustang's motion for summary judgment.

_____

Accordingly, the Motion is DENIED with respect to the Phipps Declaration and GRANTED with respect to the Potter Declaration.

IT IS SO ORDERED.

# # #